**LAQUER URBAN CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
Email: Lovelace@luch.com
225 South Lake Avenue, Suite 200
Pasadena, CA  91101-3030
Telephone:  (626) 449-1882

Counsel for Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE NATIONAL NECA-IBEW LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND, NATIONAL ELECTRICAL INDUSTRY FUND, and LOS ANGELES ELECTRICAL WORKERS CREDIT UNION, <br>        Plaintiffs, <br><br>  v. <br><br>DCD ELECTRIC, INC., a Nevada corporation authorized to do business in California, <br><br>        Defendant. | CASE NO.  2:19-cv-2784 <br><br>**COMPLAINT FOR:** <br><br>1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS** <br><br>2. **VIOLATION OF §515 of ERISA** <br><br>3. **BREACH OF CONTRACT (SETTLEMENT AGREEMENT)** |

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and § 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiff Trust Funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund,

Trustees of the National Electrical Benefit Fund ("NEBF"), Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee ("So. Cal. LMCC"), and Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund ("National LMCC") are the Trustees of express trusts ("Trusts") created pursuant to written Declarations of Trust ("Trust Agreements").  Except for the NEBF and National LMCC, the Trust Agreements are between various chapters of the International Brotherhood of Electrical Workers ("IBEW"), including Local No. 11, and various chapters, including the Los Angeles chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California.  For the NEBF and the National LMCC, the Trust Agreements are between the National Union of IBEW and the National NECA.  The Trusts are now, and were at all times material to this action, Labor-Management multiemployer trusts created and maintained pursuant to §302(c)(5) of the LMRA [29 U.S.C. §186(c)(5)], except for the So. Cal. LMCC and the National LMCC, which are Trusts created and maintained pursuant to the Labor-Management Relations Act of 1947, as amended, and the Labor-Management Cooperation Act of 1975.  Plaintiffs, as Trustees of the express Trusts (except for the Trustees of the So. Cal. LMCC and the National LMCC), are "fiduciar[ies]" with respect to the Trusts as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].  The Trusts are administered by the Trustees of the Trusts in Los Angeles County.  Plaintiff Los Angeles Electrical Workers Credit Union is a state chartered credit union that collects employee authorized vacation payments pursuant to collective bargaining agreements entered into by Local No. 11 of the IBEW. Plaintiff National Electrical Industry Fund, is administered by NECA and collects industry advancement funds pursuant to various collective bargaining agreements entered into by various local unions of the IBEW and various chapters of NECA. Collectively, all Plaintiffs are referred to herein as the "Plaintiffs."

///

///

6.	Trustees are informed and believe, and thereon allege, that at all times material herein, defendant DCD Electric, Inc. ("Employer") was and is a Nevada corporation authorized to do business in California, with its principal place of business in Los Angeles, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

7.	Trustees are informed and believe, and thereon allege, that on or about July 3, 2014, Employer signed a letter of assent wherein it agreed to be bound to a collective bargaining agreement known as the Inside Wiremen's Agreement entered into by the Los Angeles County Chapter of NECA and Local 11 ("Master Agreement").

8.	Trustees are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreement, and/or that Employer is otherwise bound to the terms and provisions of the Trust Agreements.

9.	At all times material herein, Employer has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

10.	Trustees are informed and believe, and thereon allege, that Employer is an "employer" as that term is defined in the Master Agreement and/or related Trust Agreements.  Trustees are informed and believe, and thereon allege, that Employer is an "employer" as defined and used in Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and, therefore, Employer is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA [29 U.S.C. § 1145].  Trustees are informed and believe, and thereon allege, that Employer is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///
///
///

# FIRST CLAIM FOR RELIEF

## (BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND RELATED TRUST AGREEMENTS)

11. Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 10, above.

12. Trustees are informed and believe, and thereon allege, that by the terms and provisions of the Master Agreement and/or related Trust Agreements, and at all times material herein, Employer agreed, and is and was obligated, to:

12.1. Prepare and submit true, complete and accurate written monthly contribution reports to Trustees on or before a date certain of the calendar month following the month in which the contributions and other amounts accrued showing: i) the identities of employees performing work covered by the Master Agreement and/or the Trust Agreements, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.

12.2. Pay to Trustees fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by Trustees by the fifteenth of the month succeeding the month in which the work was performed. These amounts are due and payable at Trustees' administrative offices in Commerce, California.

12.3. Permit Trustees and its agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to Trustees pursuant to the Master Agreement and/or the related Trust Agreements.

///

13. Employer has breached the Master Agreement and/or the related Trust Agreements by failing to submit reports and/or pay fringe benefit contributions during the months of January 2019 through February 2019. As a result, Employer owes the Trustees at least $390,121.81 for unpaid contributions. The exact amount of the unpaid contributions will be established by proof at the trial herein.

14. Trustees are informed and believe, and thereon allege, that on an ongoing basis, Employer will and has continued to fail to pay to Trustees the required fringe benefit contributions and other amounts owed. The amount of the additional unpaid contributions and other amounts owed will be established by proof at the trial herein.

15. As of the date of filing this Complaint, Employer is "delinquent," as that term is used in the Master Agreement and/or related Trust Agreements.

16. Pursuant to the Master Agreement, related Trust Agreements and/or § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer is obligated to pay to Trustees liquidated damages for the detriment caused by the failure of Employer to pay or to pay in a timely manner fringe benefit contributions owed to Trustees. Trustees are informed and believe, and thereon allege, that there is due and payable from Employer to Trustees liquidated damages in an amount that will be established by proof at the trial herein related to Employer's failure to pay, or failure to timely pay, contributions for the work months of July 2015 through at least February 2019, and on an ongoing basis. That sum currently totals at least $42,568.84.

17. Pursuant to the Master Agreement, related Trust Agreements and/or § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer owes Trustees interest on all unpaid fringe benefit contributions and related amounts from the dates the sums were originally due to Trustees to the date of judgment and post-judgment. Trustees are informed and believe, and thereon allege, that there is due and payable from Employer to Trustees interest in an amount that will be established by proof at the trial herein related to Employer's failure to pay, or failure to timely pay, contributions for the work

///

1  months of July 2015 through at least February 2019, and on an ongoing basis. That
2  sum currently totals at least $7,249.38.

3       18.    By the Master Agreement, related Trust Agreements and/or § 502(g)(2)
4  of ERISA [29 U.S.C. § 1132(g)(2)], Employer is obligated to pay all legal and auditing
5  costs, if any, in connection with any delinquency, whether incurred before or after
6  litigation is or was commenced.

7       19.    It has been necessary for Trustees to engage legal counsel and incur costs
8  for the purpose of collecting said contributions and other amounts, and Trustees are
9  entitled to their reasonable attorneys' fees in connection therewith.  Trustees may also
10 incur audit costs in connection with Employer's delinquency.  The exact amount of the
11 legal fees and costs due and payable, and audit costs that may be incurred, have not
12 been ascertained at this time.  These amounts shall be established by proof at trial.

13      20.    Pursuant to § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may
14 grant such other legal or equitable relief as the Court deems appropriate.  As part of
15 Trustees' judgment, Trustees request the Court to:

16         20.1.  Order Employer, its representatives, agents and associates, to
17 provide a full and complete accounting for, and tracing the use of, all unpaid amounts
18 owed pursuant to the Master Agreement and Trust Agreements, and identify all
19 property, real or personal, tangible or intangible, that are the profits from the unpaid
20 amounts, whether in whole or in part, of the use of any sums owed to Trustees;

21         20.2.  Order Employer, its representatives, agents and associates, to post
22 and deliver either a good faith deposit, or a performance bond issued in favor of
23 Trustees, in an amount determined by the Court to be appropriate;

24         20.3.  Order the creation of a constructive trust for the full amount
25 determined to be due Trustees on all applicable property of Employer, and order the
26 transfer of the applicable property to Trustees; and

27         20.4.  Order Employer, its representatives, agents and associates, to pay
28 to Trustees all amounts due Trustees, including, but not limited to, the unpaid

contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

21. Plaintiffs are also seeking injunctive relief, including, but not limited to, a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

21.1. Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Trustees on an ongoing basis;

21.2. Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit to an audit, and/or failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Trustees on an ongoing basis); and

21.3. Enjoining Employer from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and remitting to Trustees the amounts owed to Trustees pursuant to those agreements.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF §515 OF ERISA)

22. Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 21, inclusive of sub-paragraphs, above.

23. Section 515 of ERISA [29 U.S.C. § 1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

24. Employer is an "employer" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is "obligated to make contributions to a multiemployer plan" within the meaning and use of § 515 of ERISA [29 U.S.C. § 1145].

25. Trustees are informed and believe, and thereon allege, that Employer violated its statutory mandated obligation to timely pay fringe benefit contributions and

other amounts to Trustees. Trustees are informed and believe, and thereon allege, that there is due and payable from Employer the fringe benefit contributions and other amounts set forth in paragraphs 13 through 14, above.

26. Employer failed to timely cure its violation, and has since continued to violate its statutory obligations.

27. Pursuant to § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621. The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages, audit fees, and other expenses allowed by federal statute and owed by Employer to Trustees has not been ascertained at this time. These amounts shall be established by proof at the time of trial.

28. As part of Trustees' judgment, Trustees shall also request the relief set forth in paragraphs 20-21, inclusive of sub-paragraphs, above.

### THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

29. The Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 28, inclusive of sub-paragraphs, above.

///

30. On or about May 4, 2018, the Trustees and Employer entered into Settlement Agreement ("Settlement Agreement") to resolve a dispute over Employer's failure to pay fringe benefit contributions and other amounts owed to the Trustees pursuant to the Master Agreement for work performed from July 2015 through March 2018. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A, the terms and provisions of which are incorporated herein as if set forth in full.

31. In the Settlement Agreement, the Employer admitted to owing the Trustees $201,931.69, and agreed to pay the Trustees $184,699.40, plus 8% interest, by paying $61,447.77 on or before May 2, 2018, $96,856.28 on or before May 9, 2018, and $26,826.10 on or before June 20, 2018. The Settlement Agreement also required the Employer to stay current with its ongoing monthly obligations to the Trustees, including timely paying contributions to the Trustees through the December 2018 work month, and if Employer did so, the remaining $17,232.29 owed would be waived.

32. Employer breached the Settlement Agreement by failing to timely pay contributions for December 2018.

33. After applying all payments received, Employer owes the Trustees at least $17,232.29 for breach of the Settlement Agreement.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For unpaid fringe benefit contributions totaling at least $390,121.81, other damages, liquidated damages, and other amounts due in amounts proved at the time of trial;

2. For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

3. For audit costs incurred;

4. For reasonable attorneys' fees;

5. For costs of suit incurred herein;

      6.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

          6.1.    An Order directing Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums due, whether in whole or in part, of the use of any unpaid amounts owed;

          6.2.    An Order directing Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Trustees, in an amount determined by the Court to be appropriate;

          6.3.    An Order for the creation of a constructive trust in favor of Trustees on all applicable property of Employer, up to the full amount found due by Employer to Trustees, and an Order for the transfer of the applicable property to Trustees; and

          6.4.    An Order directing Employer, its representatives, agents and associates, to pay to Trustees all amounts due Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

      7.     For injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

          7.1    Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Trustees on an ongoing basis;

          7.2    Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit to an audit and failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Trustees on an ongoing basis); and

///

COMPLAINT

1335432

7.3   Enjoining Employer from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and making the required payments to Trustees.

DATED:  April 11, 2019          LAQUER URBAN CLIFFORD & HODGE LLP

By: /s/ Susan Graham Lovelace
    Susan Graham Lovelace
    Attorneys for Plaintiffs

**WAIVER OF JURY TRIAL**

Plaintiffs hereby waive a jury trial in this action.

DATED:  April 11, 2019          LAQUER URBAN CLIFFORD & HODGE LLP

By /s/ Susan Graham Lovelace
   Susan Graham Lovelace
   Attorneys for Plaintiffs

1335432